# EXHIBIT C

**FILED UNDER SEAL**

R.C.M. 703(f)(4)(B)

*ernment.* Evidence not under the control of the government may be obtained by a subpoena issued in accordance with subsection (e)(2) of this rule. A *subpoena duces tecum* to produce books, papers, documents, data, or other objects or electronically stored information for a preliminary hearing pursuant to Article 32 may be issued, following the convening authority's order directing such preliminary hearing, by counsel for the government. A person in receipt of a *subpoena duces tecum* for an Article 32 hearing need not personally appear in order to comply with the subpoena.

### Discussion

The National Defense Authorization Act for Fiscal Year 2012, P.L. 112-81, § 542, amended Article 47 to allow the issuance of *subpoenas duces tecum* for Article 32 hearings. Although the amended language cites Article 32(b), this new subpoena power extends to documents subpoenaed by counsel representing the United States, whether or not requested by the defense.

(C) *Relief.* If the person having custody of evidence requests relief on grounds that compliance with the subpoena or order of production is unreasonable or oppressive, the convening authority or, after referral, the military judge may direct that the subpoena or order of production be withdrawn or modified. Subject to Mil. R. Evid. 505 and 506, the military judge may direct that the evidence be submitted to the military judge for an in camera inspection in order to determine whether such relief should be granted.

## Rule 704. Immunity

(a) *Types of immunity.* Two types of immunity may be granted under this rule.

(1) *Transactional immunity.* A person may be granted transactional immunity from trial by court-martial for one or more offenses under the code.

(2) *Testimonial immunity.* A person may be granted immunity from the use of testimony, statements, and any information directly or indirectly derived from such testimony or statements by that person in a later court-martial.

### Discussion

"Testimonial" immunity is also called "use" immunity.

Immunity ordinarily should be granted only when testimony or other information from the person is necessary to the public interest, including the needs of good order and discipline, and when the person has refused or is likely to refuse to testify or provide other information on the basis of the privilege against self-incrimination.

Testimonial immunity is preferred because it does not bar prosecution of the person for the offenses about which testimony or information is given under the grant of immunity.

In any trial of a person granted testimonial immunity after the testimony or information is given, the Government must meet a heavy burden to show that it has not used in any way for the prosecution of that person the person's statements, testimony, or information derived from them. In many cases this burden makes difficult a later prosecution of such a person for any offense that was the subject of that person's testimony or statements. Therefore, if it is intended to prosecute a person to whom testimonial immunity has been or will be granted for offenses about which that person may testify or make statements, it may be necessary to try that person before the testimony or statements are given.

(b) *Scope.* Nothing in this rule bars:

(1) A later court-martial for perjury, false swearing, making a false official statement, or failure to comply with an order to testify; or

(2) Use in a court-martial under subsection (b)(1) of this rule of testimony or statements derived from such testimony or statements.

(c) *Authority to grant immunity.* Only a general court-martial convening authority may grant immunity, and may do so only in accordance with this rule.

### Discussion

Only general court-martial convening authorities are authorized to grant immunity. However, in some circumstances, when a person testifies or makes statements pursuant to a promise of immunity, or a similar promise, by a person with apparent authority to make it, such testimony or statements and evidence derived from them may be inadmissible in a later trial. Under some circumstances a promise of immunity by someone other than a general court-martial convening authority may bar prosecution altogether. Persons not authorized to grant immunity should exercise care when dealing with accused or suspects to avoid inadvertently causing statements to be inadmissible or prosecution to be barred.

A convening authority who grants immunity to a prosecution witness in a court-martial may be disqualified from taking post-trial action in the case under some circumstances.

(1) *Persons subject to the code.* A general court-martial convening authority may grant immunity to any person subject to the code. However, a general court-martial convening authority may grant immunity to a person subject to the code extending to a prosecution in a United States District Court only when specifically authorized to do so by the Attor-

II-70

ney General of the United States or other authority designated under 18 U.S.C. § 6004.

### Discussion

When testimony or a statement for which a person subject to the code may be granted immunity may relate to an offense for which that person could be prosecuted in a United States District Court, immunity should not be granted without prior coordination with the Department of Justice. Ordinarily coordination with the local United States Attorney is appropriate. Unless the Department of Justice indicates it has no interest in the case, authorization for the grant of immunity should be sought from the Attorney General. A request for such authorization should be forwarded through the office of the Judge Advocate General concerned. Service regulations may provide additional guidance. Even if the Department of Justice expresses no interest in the case, authorization by the Attorney General for the grant of immunity may be necessary to compel the person to testify or make a statement if such testimony or statement would make the person liable for a Federal civilian offense.

---

(2) *Persons not subject to the code*. A general court-martial convening authority may grant immunity to persons not subject to the code only when specifically authorized to do so by the Attorney General of the United States or other authority designated under 18 U.S.C. § 6004.

### Discussion

*See* the discussion under subsection (c)(1) of this rule concerning forwarding a request for authorization to grant immunity to the Attorney General.

---

(3) *Other limitations*. The authority to grant immunity under this rule may not be delegated. The authority to grant immunity may be limited by superior authority.

### Discussion

Department of Defense Directive 1355.1 (21 July 1981) provides: "A proposed grant of immunity in a case involving espionage, subversion, aiding the enemy, sabotage, spying, or violation of rules or statutes concerning classified information or the foreign relations of the United States, shall be forwarded to the General Counsel of the Department of Defense for the purpose of consultation with the Department of Justice. The General Counsel shall obtain the view of other appropriate elements of the Department of defense in furtherance of such consultation."

---

(d) *Procedure*. A grant of immunity shall be written and signed by the convening authority who issues it. The grant shall include a statement of the authority under which it is made and shall identify the matters to which it extends.

### Discussion

A person who has received a valid grant of immunity from a proper authority may be ordered to testify. In addition, a servicemember who has received a valid grant of immunity may be ordered to answer questions by investigators or counsel pursuant to that grant. *See* Mil. R. Evid. 301(c). A person who refuses to testify despite a valid grant of immunity may be prosecuted for such refusal. Persons subject to the code may be charged under Article 134. *See* paragraph 108, Part IV. A grant of immunity removes the right to refuse to testify or make a statement on self-incrimination grounds. It does not, however, remove other privileges against disclosure of information. *See* Mil. R. Evid., Section V.

An immunity order or grant must not specify the contents of the testimony it is expected the witness will give.

When immunity is granted to a prosecution witness, the accused must be notified in accordance with Mil. R. Evid. 301(c)(2).

---

(e) *Decision to grant immunity*. Unless limited by superior competent authority, the decision to grant immunity is a matter within the sole discretion of the appropriate general court-martial convening authority. However, if a defense request to immunize a witness has been denied, the military judge may, upon motion by the defense, grant appropriate relief directing that either an appropriate convening authority grant testimonial immunity to a defense witness or, as to the affected charges and specifications, the proceedings against the accused be abated, upon findings that:

(1) The witness intends to invoke the right against self-incrimination to the extent permitted by law if called to testify; and

(2) The Government has engaged in discriminatory use of immunity to obtain a tactical advantage, or the Government, through its own overreaching, has forced the witness to invoke the privilege against self-incrimination; and

(3) The witness' testimony is material, clearly exculpatory, not cumulative, not obtainable from any other source and does more than merely affect the credibility of other witnesses.

### Rule 705. Pretrial agreements

(a) *In general*. Subject to such limitations as the Secretary concerned may prescribe, an accused and