# EXHIBIT D

# FILED UNDER SEAL

R.C.M. 910(c)(5)

begin anew on the date the general court-martial convening authority takes custody of the accused at the end of any period of commitment.

### Rule 910. Pleas

(a) *Alternatives.*

(1) *In general.* An accused may plead as follows: guilty; not guilty to an offense as charged, but guilty of a named lesser included offense; guilty with exceptions, with or without substitutions, not guilty of the exceptions, but guilty of the substitutions, if any; or, not guilty. A plea of guilty may not be received as to an offense for which the death penalty may be adjudged by the court-martial.

### Discussion

*See* paragraph 2, Part IV, concerning lesser included offenses. When the plea is to a lesser included offense without the use of exceptions and substitutions, the defense counsel should provide a written revised specification accurately reflecting the plea and request that the revised specification be included in the record as an appellate exhibit. In 2010, the court held in *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), that the elements test is the proper method of determining lesser included offenses. As a result, "named" lesser included offenses listed in the Manual are not binding and must be analyzed on a case-by-case basis in conformity with *Jones*. *See* discussion following paragraph 3b(1)(c) in Part IV of this Manual and the related analysis in Appendix 23.

A plea of guilty to a lesser included offense does not bar the prosecution from proceeding on the offense as charged. *See* also subsection (g) of this rule.

A plea of guilty does not prevent the introduction of evidence, either in support of the factual basis for the plea, or, after findings are entered, in aggravation. *See* R.C.M. 1001(b)(4).

(2) *Conditional pleas.* With the approval of the military judge and the consent of the Government, an accused may enter a conditional plea of guilty, reserving the right, on further review or appeal, to review of the adverse determination of any specified pretrial motion. If the accused prevails on further review or appeal, the accused shall be allowed to withdraw the plea of guilty. The Secretary concerned may prescribe who may consent for Government; unless otherwise prescribed by the Secretary concerned, the trial counsel may consent on behalf of the Government.

(b) *Refusal to plead; irregular plea.* If an accused fails or refuses to plead, or makes an irregular plea, the military judge shall enter a plea of not guilty for the accused.

### Discussion

An irregular plea includes pleas such as guilty without criminality or guilty to a charge but not guilty to all specifications thereunder. When a plea is ambiguous, the military judge should have it clarified before proceeding further.

(c) *Advice to accused.* Before accepting a plea of guilty, the military judge shall address the accused personally and inform the accused of, and determine that the accused understands, the following:

(1) The nature of the offense to which the plea is offered, the mandatory minimum penalty, if any, provided by law, and the maximum possible penalty provided by law;

### Discussion

The elements of each offense to which the accused has pleaded guilty should be described to the accused. *See also* subsection (e) of this rule.

(2) In a general or special court-martial, if the accused is not represented by counsel, that the accused has the right to be represented by counsel at every stage of the proceedings;

### Discussion

In a general or special court-martial, if the accused is not represented by counsel, a plea of guilty should not be accepted.

(3) That the accused has the right to plead not guilty or to persist in that plea if already made, and that the accused has the right to be tried by a court-martial, and that at such trial the accused has the right to confront and cross-examine witnesses against the accused, and the right against self-incrimination;

(4) That if the accused pleads guilty, there will not be a trial of any kind as to those offenses to which the accused has so pleaded, so that by pleading guilty the accused waives the rights described in subsection (c)(3) of this Rule; and

(5) That if the accused pleads guilty, the military judge will question the accused about the offenses to which the accused has pleaded guilty, and, if the accused answers these questions under oath, on the record, and in the presence of counsel, the accused's

**R.C.M. 910(c)(5)**

answers may later be used against the accused in a prosecution for perjury or false statement.

### Discussion

The advice in subsection (5) is inapplicable in a court-martial in which the accused is not represented by counsel.

(d) *Ensuring that the plea is voluntary.* The military judge shall not accept a plea of guilty without first, by addressing the accused personally, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement under R.C.M. 705. The military judge shall also inquire whether the accused's willingness to plead guilty results from prior discussions between the convening authority, a representative of the convening authority, or trial counsel, and the accused or defense counsel.

(e) *Determining accuracy of plea.* The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses.

### Discussion

A plea of guilty must be in accord with the truth. Before the plea is accepted, the accused must admit every element of the offense(s) to which the accused pleaded guilty. Ordinarily, the elements should be explained to the accused. If any potential defense is raised by the accused's account of the offense or by other matter presented to the military judge, the military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which negate the defense. If the statute of limitations would otherwise bar trial for the offense, the military judge should not accept a plea of guilty to it without an affirmative waiver by the accused. *See* R.C.M. 907(b)(2)(B).

The accused need not describe from personal recollection all the circumstances necessary to establish a factual basis for the plea. Nevertheless the accused must be convinced of, and able to describe all the facts necessary to establish guilt. For example, an accused may be unable to recall certain events in an offense, but may still be able to adequately describe the offense based on witness statements or similar sources which the accused believes to be true.

The accused should remain at the counsel table during questioning by the military judge.

(f) *Plea agreement inquiry.*

(1) *In general.* A plea agreement may not be accepted if it does not comply with R.C.M. 705.

(2) *Notice.* The parties shall inform the military judge if a plea agreement exists.

### Discussion

The military judge should ask whether a plea agreement exists. *See* subsection (d) of this rule. Even if the military judge fails to so inquire or the accused answers incorrectly, counsel have an obligation to bring any agreements or understandings in connection with the plea to the attention of the military judge.

(3) *Disclosure.* If a plea agreement exists, the military judge shall require disclosure of the entire agreement before the plea is accepted, provided that in trial before military judge alone the military judge ordinarily shall not examine any sentence limitation contained in the agreement until after the sentence of the court-martial has been announced.

(4) *Inquiry.* The military judge shall inquire to ensure:

(A) That the accused understands the agreement; and

(B) That the parties agree to the terms of the agreement.

### Discussion

If the plea agreement contains any unclear or ambiguous terms, the military judge should obtain clarification from the parties. If there is doubt about the accused's understanding of any terms in the agreement, the military judge should explain those terms to the accused.

(g) *Findings.* Findings based on a plea of guilty may be entered immediately upon acceptance of the plea at an Article 39(a) session unless:

(1) Such action is not permitted by regulations of the Secretary concerned;

(2) The plea is to a lesser included offense and the prosecution intends to proceed to trial on the offense as charged; or

(3) Trial is by a special court-martial without a military judge, in which case the president of the court-martial may enter findings based on the pleas without a formal vote except when subsection (g)(2) of this rule applies.

### Discussion

If the accused has pleaded guilty to some offenses but not to others, the military judge should ordinarily defer informing the members of the offenses to which the accused has pleaded guilty until after findings on the remaining offenses have been entered.

II-102

See R.C.M. 913(a), Discussion and R.C.M. 920(e), Discussion, paragraph 3.

(h) *Later action.*

(1) *Withdrawal by the accused.* If after acceptance of the plea but before the sentence is announced the accused requests to withdraw a plea of guilty and substitute a plea of not guilty or a plea of guilty to a lesser included offense, the military judge may as a matter of discretion permit the accused to do so.

(2) *Statements by accused inconsistent with plea.* If after findings but before the sentence is announced the accused makes a statement to the court-martial, in testimony or otherwise, or presents evidence which is inconsistent with a plea of guilty on which a finding is based, the military judge shall inquire into the providence of the plea. If, following such inquiry, it appears that the accused entered the plea improvidently or through lack of understanding of its meaning and effect a plea of not guilty shall be entered as to the affected charges and specifications.

### Discussion

When the accused withdraws a previously accepted plea for guilty or a plea of guilty is set aside, counsel should be given a reasonable time to prepare to proceed. In a trial by military judge alone, recusal of the military judge or disapproval of the request for trial by military judge alone will ordinarily be necessary when a plea is rejected or withdrawn after findings; in trial with members, a mistrial will ordinarily be necessary.

(3) *Pretrial agreement inquiry.* After sentence is announced the military judge shall inquire into any parts of a pretrial agreement which were not previously examined by the military judge. If the military judge determines that the accused does not understand the material terms of the agreement, or that the parties disagree as to such terms, the military judge shall conform, with the consent of the Government, the agreement to the accused's understanding or permit the accused to withdraw the plea.

### Discussion

See subsection (f)(3) of this rule.

(i) *Record of proceedings.* A verbatim record of the guilty plea proceedings shall be made in cases in which a verbatim record is required under R.C.M. 1103. In other special courts-martial, a summary of the explanation and replies shall be included in the record of trial. As to summary courts-martial, see R.C.M. 1305.

(j) *Waiver.* Except as provided in subsection (a)(2) of this rule, a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.

## Rule 911. Assembly of the court-martial

The military judge shall announce the assembly of the court-martial.

### Discussion

When trial is by a court-martial with members, the court-martial is ordinarily assembled immediately after the members are sworn. The members are ordinarily sworn at the first session at which they appear, as soon as all parties and personnel have been announced. The members are seated with the president, who is the senior member, in the center, and the other members alternately to the president's right and left according to rank. If the rank of a member is changed, or if the membership of the court-martial changes, the members should be reseated accordingly.

When trial is by military judge alone, the court-martial is ordinarily assembled immediately following approval of the request for trial by military judge alone.

Assembly of the court-martial is significant because it marks the point after which: substitution of the members and military judge may no longer take place without good cause (*see* Article 29; R.C.M. 505; 902; 912); the accused may no longer, as a matter of right, request trial by military judge alone or withdraw such a request previously approved (*see* Article 16; R.C.M. 903(a)(2)(d)); and the accused may no longer request, even with the permission of the military judge, or withdraw from a request for, enlisted members (*see* Article 25(c)(1); R.C.M. 903(a)(1)(d)).

## Rule 912. Challenge of selection of members; examination and challenges of members

(a) *Pretrial matters.*

(1) *Questionnaires.* Before trial the trial counsel may, and shall upon request of the defense counsel, submit to each member written questions requesting the following information:

    (A) Date of birth;

    (B) Sex;

    (C) Race;