UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

| | | |
|---|---|---|
| In re: Grand Jury Subpoena, | ) | |
| | ) | 1:19-DM-3 |
| CHELSEA MANNING, | ) | |
| | ) | 18-4 / 10-GJ-3793 |
| Subpoenaed Party | ) | |
| | ) | |

## MOTION TO UNSEAL

Comes now Ms. Chelsea Manning, by and through counsel and pursuant to the First

Amendment to the United States Constitution, 18 U.S.C. §3322, Federal Rule of Criminal Procedure

6(e), and Eastern District of Virginia Local Criminal Rules 49 and 57.1 to unseal the pleadings (with

the exception of the Declaration of Ms. Manning containing personal identifying information) filed on

Ms. Manning's behalf as a witness under subpoena. In support of this request, Ms. Manning states the

following:

### FACTS

The subpoenaed party and movant Chelsea Manning is recognized world-wide as a champion of

the Free Press and open government. In 2013, Ms. Manning, then an all-source intelligence analyst for

the United States military, was convicted at a United States Army court martial for disclosing classified

information to the public. She was sentenced to thirty-five years imprisonment and a dishonorable

discharge, then confined under onerous conditions including prolonged solitary confinement. In 2017

her sentence was commuted by then-President Barack Obama. Despite the commutation of her

sentence, Ms. Manning's appeal from that conviction remains pending and she may be subject to

military re-call.

In February of this year Ms. Manning was served through counsel with a subpoena *ad*

*testificandum* ordering her to appear before a grand jury empaneled in this district. The appearance is

now scheduled for March 5, 2019. On Friday March 1, 2019 counsel for Ms. Manning filed a Motion to

Quash the instant subpoena; the request is based on the unnecessary issuance of the subpoena possibly

targeting Ms. Manning in retaliation for her recent release from prison, and in violation of her First,

Fourth, Fifth, and Sixth Amendment rights, and other statutory rights such as would excuse her grand

jury testimony. The motion does not contain information prohibited from disclosure by statute and the

rules of procedure because neither counsel nor Ms. Manning has personal knowledge beyond the public

record about anything that has occurred before the grand jury.

ARGUMENT

The bare fact that Ms. Manning has received a subpoena, and the Motion to Quash the subpoena

filed on Ms. Manning's behalf are not subject to the obligations of secrecy imposed by 18 U.S.C.

§3322, Fed. R. Crim. P. 6(e), or criminal rules 49 and 57.1 of this Court's local rules. See In re: Grand

Jury Proceedings, 417 F.3d 18 (1st Cir. 2005)(noting that because Rule 6(e)(2)(B) does not list

"witnesses" as a category of persons who "must not" disclose grand jury matters, the plain language of

the rule does not automatically impose an obligation of secrecy on a grand jury witness). Moreover, the

government itself confirmed the investigation and indictment of Wikileaks in the matter of United

States v. Seitu Sulayman Kokayi (E.D.V.A, Alexandria Div., 1:18-cr-00410, Docket No. 5); that a grand

jury has been empaneled to investigate and indict persons associated with Wikileaks is at this point

public information and is therefore not subject to the protection and secrecy imposed by Rule 6(e)

because "grand jury secrecy is not unyielding when there is no secrecy left to protect." In re: Grand

Jury Subpoena, Judith Miller, 493 F.3d 152, at 154 (D.C. Cir. 2007).

Should the Court find that the Motion to Quash filed on Ms. Manning's behalf is subject to the

rules of grand jury secrecy, the Court should nevertheless authorize disclosure of Ms. Manning's

Motion to Quash and further pleadings as made preliminarily to or in connection with a judicial

proceeding as permitted by Fed. R. Crim. P. 6(e)(3)(E)(1). Ms. Manning further requests that the Court require the government to show with particularity that there is a compelling necessity for secrecy of the motion to quash and other pleadings filed that may be subsequently filed on Ms. Manning's behalf regarding the subpoena seeking her testimony. See In re Grand Jury Subpoena Duces Tecum, 797 F.2d 676 at 681 (8th Cir. 1986)(quoting United States v. Procter & Gamble Co., 356 U.S. 677 (1958)).

### A. THE ISSUANCE OF THE SUBPOENA AND FILING OF MOTIONS REGARDING THE SUBPOENA ARE NOT "MATTERS OCCURRING BEFORE THE GRAND JURY" SUBJECT TO THE RULES IMPOSING GRAND JURY SECRECY.

Ms. Manning and the pleadings filed on her behalf are not mandatorily subject to the secrecy requirements imposed by statute or the federal rules of criminal procedure. The secrecy of grand jury proceedings is based on the requirements in rule 6(e)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. §3322. Federal Rule 6(e)(2)(B) makes quite clear that specific classes of persons are prohibited from disclosing *matters occurring before* the grand jury: grand jurors, interpreters, court reporters, persons operating recording devices, persons transcribing recorded testimony, attorneys for the government, government personnel necessary for enforcement of federal law (Fed. R. Crim. P 6(e) (3)(A)(ii)), and government attorneys or personnel of Federal and State financial institution regulatory agencies. 18 U.S.C. §3322.

The list of persons prohibited by Federal Rule 6(e)(2)(B) from disclosing grand jury matters is preceded by rule 6(e)(2)(A), which says that "no obligation of secrecy may be imposed on any person *except* in accordance with rule 6(e)(2)(B)."(emphasis added). Rule 6(e) does not intend to impose an obligation of secrecy on witnesses subpoenaed to appear before a grand jury, a point made clear in the original Advisory Committee note on Rule 6(e):

> The rule does not impose any obligation of secrecy on witnesses. The existing practice on this
> point varies among the districts. The seal of secrecy on witnesses seems an unnecessary

hardship and may lead to injustice if a witness is not permitted to make a disclosure to counsel or to an associate.

Rule 6 Advisory Committee Notes, 1944 Note to Subdivision (e). See also In re Grand Jury Proceedings, 17 F.Supp.3d 1033 (S.D. Cal., 2012).

A strict reading of rule 6(e) has led courts to conclude that because Rule 6(e)(2)(B) does not list "witnesses" as a category of persons who "must not" disclose grand jury matters, the plain language of Rule 6(e)(2) itself coupled with the Advisory Committee note clearly demonstrates that the rule does not mandatorily impose an obligation of secrecy on a grand jury witness. In re: Grand Jury Proceedings, 417 F.3d 18, at 26 (1st Cir. 2005). The existence of the subpoena to Ms. Manning and the motion to quash (as well as other pleadings authored by her counsel), are generated independently of the grand jury proceedings and enjoy a legal status akin to that of the ministerial documents requested by Ms. Manning in her motion to quash and should therefore not be subject to the secrecy provisions in Rule 6(e). United States v. McRae, 580 F.Supp 1560 (D. D.C. 1984)(holding that disclosure of independently generated documents are not cloaked with such secrecy unless they reveal something about content of the grand jury proceedings). The fact of a subpoena to a witness, the witness themself, and the witness' motions and legal defenses regarding the subpoena are beyond the scope of Rule 6(e)'s secrecy requirements because they "do not disclose the essence of what took place in the grand jury room." In re Grand Jury Investigation, 903 F.2d 180, 182 (3rd Cir. 1990)(citing Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978)). See also In re: Cudahy, 294 F.3d 947 (7th Cir. 2002) (declining to discipline federal judge for disclosure of independent counsel's grand jury investigation of President Clinton because disclosure of empaneling was not "a matter occurring before the grand jury."). This application of Rule 6(e) was upheld by the Fourth Circuit Court of Appeals in In re: Grand Jury Subpoena, United States v. John Doe A01-246 (T-112),(No. 07-1692 (4th Cir. Ct. App. 2008)), a matter involving journalist Joshua Gerstein's request to unseal matters related to grand jury and civil

contempt proceedings involving Dr. Sami Al-Arian and his refusal to testify before a grand jury. The request to unseal made to the appellate court was based on the argument that the district court erroneously ordered all documents and proceedings related to the grand jury to be held under seal despite the fact that some of information sought about the proceedings had already been made public. In that case, the appellate court remanded the matter with an order to "unseal the records from Mr. Al-Arian's civil contempt proceedings to the extent that they do not reveal any non-public grand jury information protected by Federal Rule of Criminal Procedure 6(e)." In re: Grand Jury Subpoena, United States v. John Doe A01-246 (T-112), No. 07-1692, Doc. 69.

Unsealing Ms. Manning's Motion to Quash the grand jury subpoena will "not violate the freedom and integrity of the deliberative process of the grand jurors. Furthermore, American courts have long recognized a general right of access to court records." 903 F.2d 180, 182 (3rd Cir. 1990). In light of the plain language of Rule 6(e), this Court should unseal the Motion to Quash the subpoena issued to Ms. Manning and permit further pleadings filed on her behalf to remain open and visible to the public so long as they do not disclose contain non-public information regarding matters occurring before the grand jury.

## B. THE PUBLIC KNOWS OF THE GRAND JURY INVESTIGATION OF JULIAN ASSANGE & WIKILEAKS & THE COURT SHOULD AUTHORIZE UNSEALING OF THE PLEADINGS.

On August 24, 2018 the government filed a request to seal the criminal complaint in the matter of United States v. Seitu Sulayman Kokayi (E.D.V.A, Alexandria Div., 1:18-cr-00410, Docket No. 5). In that pleading the government indicated sealing of the Kokayi complaint was necessary "due to the sophistication of the defendant and the publicity surrounding the case, no other procedure is likely to keep confidential the fact that Assange has been charged." National news media including CNN, the Washington Post, and the New York Times reported on the government's disclosure of pending charges

against the Julian Assange and Wikileaks. See, e.g., Matt Zapotosky and Devlin Barrett, *Julian Assange has been charged, prosecutors reveal inadvertently in court filing*, Washington Post, November 15, 2018, https://www.washingtonpost.com/world/national-security/julian-assange-has-been-charged-prosecutors-reveal-in-inadvertent-court-filing/2018/11/15/9902e6ba-98bd-48df-b447-3e2a4638f05a_story.html?utm_term=.e465179cdb96, last accessed on 04 March 2019.

Independently of the filing in Kokayi, the investigation and possible indictment of WikiLeaks the organization and/or Julian Assange have been the subject of discussion and commentary by countless publications and political figures worldwide for nearly a decade. The subject of Wikileaks, Mr. Assange, Ms. Manning, the legality and the ethics of releasing classified or private information, and the crimes forming the bases for Ms. Manning's court martial have become a part of the public consciousness and debate. "The purpose in Rule 6(e) is to preserve secrecy. Information widely known is not secret," (In re: North, 16 F.3d 1234 (D.C. Cir. 1994)), and the rule cannot function to keep rightfully and already public proceedings, records, and legal defenses secret.

The law is clear that sealing is not only unnecessary but improper when the information is a matter of public record and therefore no longer secret. See In re: Charlotte Observer, 921 F.2d 47, 50 (4th Cir. 1990)(vacating injunctions forbidding press from disclosing subject of grand jury investigation when subject's name had been inadvertently announced during public proceedings). See also In re: North, 16 F.3d 1234, 1245 (D.C. Cir. 1994)("There must come a time... when information is sufficiently widely known that it has lost its character as Rule 6(e) material."). Although "Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs," at some point it will become impossible to remove information from the media and force the matter to once again become a secret. See Barry v. United States, 740 F.Supp. 888, 891 (D.D.C.1990)(affirming lower court's finding of Rule 6(e) violation after publication in major newspapers and widespread knowledge of a grand jury investigation).

Ms. Manning underwent a very public court martial, and the purported subject of the investigation of this grand jury has already been a part of the public discourse for nearly a decade. To impose grand jury secrecy upon Ms. Manning's Motion to Quash the subpoena and subsequent filings would allow the grand jury to impermissibly function as a tool of oppression. United States v. Dionisio, 410 U.S. 1 (1973).

C. THE GOVERNMENT SHOULD SHOW WITH PARTICULARITY THAT A COMPELLING NECESSITY OUTWEIGHS THE POLICY AND INTENT OF THE RULES OF GRAND JURY SECRECY.

Secrecy is the defining feature of the grand jury, but the grand jury is not meant to be a private tool of the prosecutor. United States v. (Under Seal), 714 F.2d 347, at 349 (4th Cir. 1983). It is clear that the intent behind Rule 6 is to prevent public dissemination of what is occurring in front of the grand jury in order to protect witnesses and grand jurors, and to avoid giving notice to a subject who might flee the jurisdiction. The subject matter of this investigation has already been made public by the government itself, and imposing a secrecy order on Ms. Manning's Motion to Quash and further pleadings is unnecessary because once the government's target in this matter was "announced to the world, the information lost its secret characteristic, an aspect that could not be restored by the issuance" of a secrecy order under Rule 6(e). In re: Charlotte Observer, 921 F.2d 47, at 50 (4th Cir., 1990).

The intent underlying the federal rules and this Court's local rules regarding secrecy of grand juries and imminent criminal litigation is to ensure that dissemination of information does not "interfere with a fair trial or otherwise prejudice the due administration of justice." E.D.V.A. Local Crim. R. 57.1(A). This rule restricts lawyers participating in or associated with a grand jury investigation from "making any extrajudicial statement… that goes beyond the public record or that is not necessary to inform the public that the investigation is underway [and] to describe the general scope of the investigation." E.D.V.A. Local Crim. R. 57.1(B). The United States Attorney in this matter has honored

the obligation of secrecy imposed upon him by Rule 6(e) and has not disclosed to Ms. Manning or her counsel the focus of this grand jury. Ms. Manning's Motion to Quash the Subpoena issued to her is based wholly upon logic and information available in the public record. Like ministerial records, the substance of Ms. Manning's Motion to Quash and future pleadings will "not reveal the substance or essence of the grand jury proceedings," "pose no security threat to past, current, or prospective jurors," and "do not infringe upon the freedom and integrity of the deliberative process." United States v. Diaz, 236 F.R.D. 470, 477-478 (N.D. California 2006).

Should the government move the Court to place Ms. Manning's Motion to Quash and other pleadings on her behalf under seal, Ms. Manning requests that the Court order the government to show with particularity that there is a compelling necessity for secrecy of the motion to quash and other pleadings that may be subsequently filed on Ms. Manning's behalf regarding the subpoena seeking her testimony. In In re Grand Jury Subpoena Duces Tecum, the Eighth Circuit held that "upon a proper showing in an appropriate case, the district court may direct a grand jury witness to keep secret from targets of the investigation the existence of a subpoena, the nature of the documents subpoenaed, or testimony before the grand jury, for an appropriate period of time." 797 F.2d 676, 680 (8th Cir.1986). The Court then articulated a standard for an order imposing secrecy for persons and information not covered by Rule 6(e)(2)(B): the government must show that the order imposing secrecy is a "compelling necessity" demonstrated with "particularity." 797 F.2d at 681 (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) ). The Eight Circuit phrased the Government's burden as follows: "[w]e observe that the policy of non-secrecy as to grand jury witnesses embodied in Rule 6(e)(2) should not be set aside except in situations where the need for secrecy outweighs the countervailing policy, and that this need must be shown with particularity." Id. at 680.

This Court's local rules regarding sealing and requests for filing under seal operate in harmony with Rule 6(e)(2), which is rooted in the presumption that no obligation of grand jury secrecy exists for any person other than those listed in Rule 6(e)(2)(B). Given the very public and ongoing nature of this investigation, the fact that Ms. Manning gave clear and lengthy testimony at a public trial following years of investigation and pretrial litigation, and the government's own disclosures, the government does not have a particularized and compelling necessity such as to require the Court to maintain all proceedings and pleadings in this case under seal.

## CONCLUSION

For the foregoing reasons and others that may appear to this Court, Ms. Manning moves the Court to find that the fact that Ms. Manning has received a subpoena and the Motion to Quash the subpoena filed on Ms. Manning's behalf are not subject to the obligations of secrecy imposed by 6(e), and to order that Ms. Manning's motion to quash be unsealed, excepting the declaration of Ms. Manning attached as an exhibit thereto. Should the Court find that the Motion to Quash *is* subject to the rules of grand jury secrecy, the Court should authorize disclosure of Ms. Manning's Motion to Quash and further pleadings as made preliminarily to or in connection with a judicial proceeding as permitted by Fed. R. Crim. P. 6(e)(3)(E)(1). Ms. Manning further requests that the Court require the government to show with particularity that there is a compelling necessity for secrecy of the Motion to Quash, and the government be required to meet this standard prior to placing under seal any future pleadings regarding the subpoena issued to Ms. Manning.

Respectfully Submitted,
CHELSEA MANNING
By Counsel

Dated March 4, 2019

SANDRA C. FREEMAN (VSB# 78499)
5023 W. 120th Avenue, #280 '
Broomfield, Colorado 80020
720/593-9004
sandra.c.freeman@protonmail.com


/s/ Chris Leibig
CHRISTOPHER LEIBIG (VSB#40594)
114 N. Alfred Street
Alexandria, Virginia 22314
703-683-431O
chris@chrisleibiglaw.com


/s/ Moira Meltzer-Cohen
MOIRA MELTZER-COHEN
(*pro hac vice* pending)
277 Broadway, Suite 1501
New York, NY  10007
347-248-6771
mo_at_law@protonmail.com


/s/ Vincent J. Ward
VINCENT J. WARD
(*pro hac vice* pending)
Freedman Boyd Hollander Goldberg Urias
& Ward, P.A
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
505-842-9960
vjw@fbdlaw.com

## CERTIFICATE OF SERVICE

I, Sandra C. Freeman, hereby certify that I served a true and correct copy of the foregoing document upon the person(s) herein next designated, on the date shown below, by hand delivering the same at their last known address(es), to wit:

Gordon Kromberg,
Assistant United States Attorney
United State's Attorneys Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700
gordon.kromberg@usdoj.gov

Dated March 4, 2019.            */s/ Sandra C. Freeman*
                                Sandra C. Freeman